IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WILLIAM ANDERSON, | § | No. 327, 2015 |
| Defendant Below-<br>Appellant, | §<br>§<br>§ | Court Below: Superior Court<br>of the State of Delaware |
| v. | § | |
| STATE OF DELAWARE, | §<br>§ | ID No. 1404011405 |
| Plaintiff Below-<br>Appellee. | §<br>§<br>§ | |

Submitted: January 27, 2016
Decided: February 15, 2016

Before **STRINE**, Chief Justice; **VALIHURA**, and **VAUGHN**, Justices.

### *ORDER*

On this 15th day of February 2016, it appears to the Court that:

(1) Defendant-Below/Appellant William Anderson appeals from a Superior Court jury verdict finding him guilty of Assault Second Degree.[1] Anderson makes five claims on appeal. Anderson contends that: (1) there was insufficient evidence to permit the jury to reach a guilty verdict beyond a reasonable doubt; (2) the trial court abused its discretion by allowing evidence of Anderson's prior convictions to be admitted at trial; (3) the trial court violated Anderson's right to a fair trial when it refused to give a jury instruction regarding "Character of the Accused;" (4) the

---

[1] 11 *Del. C.* § 612(a)(5).

prosecutor committed misconduct when she stated the State's belief that it satisfied all elements of the charged crimes during her summation; and (5) the trial court denied his right to a fair trial when it denied his right to allocution. We find no merit to Anderson's appeal and affirm.

(2) On June 23, 2014, Anderson was indicted on a charge of Assault Second Degree stemming from an April 2014 altercation between Anderson and a coworker at Auto Mart in Elsmere, Delaware. Anderson's coworker, Gary Staffieri, was 67 years old at the time of the incident. Anderson was charged under 11 *Del. C.* § 612(a)(5), which provides that a person is guilty of Assault in the Second Degree when the person recklessly or intentionally causes physical injury to a person who is 62 years of age or older.

(3) Trial commenced in January 2015. The State first called Staffieri as a witness. Staffieri testified that on the day of the incident he was working at Auto Mart. He testified that as he was retrieving a battery from a room attached to the mechanics garage, Anderson confronted him. Specifically, Anderson asked him what he was doing in his, Anderson's, office. Staffieri responded by stating that he "didn't realize that this was [Anderson's] office."[2] Staffieri then testified that the next thing he remembered was being outside with a lump on his head and being taken to the

---

[2] Appellant's Op. Br. App. at A10.

2

hospital. Further, Staffieri testified that he never saw Anderson and only heard his voice before his memory went blank.

(4) Next, the State called Ricardo Reyes, an Auto Mart employee who had witnessed the altercation between Anderson and Staffieri. He testified that the two approached each other, and Staffieri struck Anderson with his knee. Reyes testified that he then saw Anderson push Staffieri with one hand while simultaneously striking him with the other. Reyes then left the area to inform his supervisor of what had occurred. He further testified that when he returned that Staffieri was having seizures, shaking, and had a large bump on the back of his head.

(5) The State also called Elsmere Police Officer Andrew Davis who investigated the incident. Officer Davis testified that he went to St. Francis Hospital to meet Staffieri. Staffieri told Officer Davis that Anderson had struck him, causing the injuries to Staffieri's head that Officer Davis observed. The State rested. Anderson did not move for judgment of acquittal.

(6) In his defense, Anderson first called Allan Bobb, an owner of Auto Mart. Bobb testified that on the day of the incident, Staffieri's demeanor was different. He also testified that Staffieri admitted that he had been drinking alcohol that morning. Next, Anderson took the stand. Anderson testified that he only hit Staffieri because

3

Staffieri had kneed him in his abdomen. Anderson further testified that Staffieri fell after being hit, and that he helped Staffieri up off of the ground.

(7) On cross-examination, Anderson testified that he "would never try to injure someone like that."[3] As a result, the State sought to introduce evidence regarding Anderson's prior convictions of Assault Third Degree[4] and Offensive Touching.[5] Although Anderson argued that the evidence of prior charges was unduly prejudicial, the trial court allowed the State to inquire about Anderson's prior charges based on the fact that Anderson had just suggested that he was a non-violent, peaceful person. The defense then rested.

(8) During summation, the prosecutor argued "the State believes that we've proven each and every element of that charge to you beyond a reasonable doubt."[6] Anderson did not object to this statement at trial. At the close of summations, the trial court charged the jury. In doing so, the trial court did not provide an instruction on character evidence. Notably, Anderson did not request such an instruction. The jury returned a verdict finding Anderson guilty of Assault Second Degree. At no point did Anderson move for judgment of acquittal.

---

[3] Appellant's Op. Br. App. at A21.

[4] 11 *Del. C.* § 611.

[5] 11 *Del. C.* § 601(a).

[6] Appellant's Op. Br. App. at A23.

4

(9) A sentencing hearing was held on May 29, 2015. Both Anderson's counsel and the State had an opportunity to comment before the trial court sentenced Anderson. Following these comments, the trial court asked, "Anything else?"[7] Hearing no response, the trial court provided its rationale for its chosen sentencing. The trial court then sentenced Anderson to eight years at Level V, suspended after three years for decreasing levels of supervision. This appeal followed.

(10) Anderson first claims that there was insufficient evidence to permit a jury to find him guilty of Assault Second Degree beyond a reasonable doubt, and that the trial court should have entered a judgment of acquittal *sua sponte*.

(11) Anderson did not make a motion for judgment of acquittal at trial, and therefore, has waived his right to an insufficiency of the evidence claim on appeal.[8] However, this Court may excuse an appellant's waiver "if it finds that the trial court committed plain error requiring review in the interests of justice."[9] "Under the plain error standard of review, the error complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process."[10] "Furthermore, the doctrine of plain error is limited to material defects which are apparent on the face of the record; which are basic, serious and fundamental in their

---

[7] Appellant's Op. Br. App. at A24.
[8] *Monroe v. State*, 652 A.2d 560, 563 (Del. 1995).
[9] *Id.*
[10] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).

character, and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice."[11] It is the jury's duty to make findings of fact, and it is presumed that a jury has resolved conflicting testimonies in order to reach its verdict.[12]

(12) A person is guilty of Assault Second Degree when he "recklessly or intentionally causes physical injury to another person who is 62 years of age or older[.]"[13] A person acts recklessly when he or she is "aware of and consciously disregards a substantial and unjustifiable risk that the element [of the crime] exists or will result from the conduct."[14] A person acts intentionally when "it is the person's conscious object to engage in conduct of that nature or to cause that result; and [] if the element involves the attendant circumstances, the person is aware of the existence of such circumstances or believes or hope that they exist."[15] Physical injury is defined as an "impairment of physical condition or substantial pain."[16]

(13) Anderson's first claim lacks merit. The State presented evidence that Anderson struck Staffieri intentionally, that Staffieri was injured, and that Staffieri was over the age of 62. The jury heard testimony from three individuals, including

[11] *Id.*

[12] *Poon v. State*, 880 A.2d 236, 239 (Del. 2005).

[13] 11 *Del. C.* § 612(a)(5).

[14] 11 *Del. C.* § 231(e).

[15] 11 *Del. C.* § 231(b).

[16] 11 *Del. C.* § 222(23).

6

an uninvolved eyewitness, regarding the incident. This also included testimony from Anderson where he admitted that he struck Staffieri. It was for the jury to determine whether the State proved the elements of Assault Second Degree beyond a reasonable doubt. It was also for the jury to determine which witnesses were credible. Nothing on this record rises to the level of plain error, and thus, Anderson's first claim has no merit.

(14) Anderson's second claim is that the trial court improperly admitted evidence regarding Anderson's prior convictions.

(15) "A trial judge's evidentiary rulings will not be set aside by this Court absent an abuse of discretion."[17] "A trial judge has abused his discretion where the judge exceeded the bounds of reason in view of the circumstances and has so ignored recognized rules of law or practice so as to produce injustice."[18]

(16) Under Delaware Rule of Evidence 404(b), "[e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith."[19] "Delaware recognizes the evidentiary principle of 'opening the door[,]' [which] is premised upon considerations of fairness and the truth-seeking function of a trial."[20] "[W]here a criminal defendant . . . presents

---

[17] *Manna v. State*, 945 A.2d 1149, 1153 (Del. 2008).

[18] *Charbonneau v. State*, 904 A.2d 295, 304 (Del. 2006).

[19] D.R.E. 404(b).

[20] *Smith v. State*, 913 A.2d 1197, 1239 (Del. 2006).

7

affirmative evidence of prior good conduct to show his good character, he opens the door to impeachment through evidence[] of his prior wrongful acts."[21] However, "the doctrine of opening the door is limited to testimony that might explain or contradict the testimony offered by the opposing party on direct examination[.]"[22]

(17) Anderson's second claim is unavailing. Anderson stated that he "would never try to injure somebody like that."[23] Through this statement, Anderson portrayed himself to the jury as a peaceful, non-violent person. Consequently, Anderson opened the door for the State to introduce evidence regarding his prior convictions of Assault Third Degree and Offensive Touching. The trial court did not abuse its discretion in allowing the prior bad acts testimony because it was admissible under Rule of Evidence 404(a)(1).[24] Therefore, Anderson's second claim has no merit.

(18) In his third claim, Anderson argues that the trial court should have, *sua sponte*, read Delaware Superior Court Pattern Jury Instruction 4.5, "Character of the Accused," to the jury.[25]

---

[21] *Casalvera v. State*, 410 A.2d 1369, 1373 (Del. 1980).

[22] *Tucker v. State*, 1986 WL 17446, at *1 (Del. Sept. 12, 1985).

[23] Appellant's Op. Br. App. at A21.

[24] D.R.E. 404(a)(1).

[25] Delaware Superior Court Pattern Jury Instruction 4.5 reads:
> As a defense to the charge of [charge], the defendant has introduced evidence of [his/her] reputation or character. Under Delaware law, a defendant may introduce evidence of character traits that are relevant to the offense charged. The defendant has presented evidence of [his/her] [character trait]. If this testimony raises a reasonable doubt in your mind as to the defendant's guilt,

8

(19) Superior Court Criminal Rule 30 provides that no party may assign as error the giving or not giving of an instruction unless an objection is made.[26] Anderson did not object to the jury instructions during trial and has waived his right to appeal this issue absent a finding of plain error.[27]

(20) Jury instructions are adequate if they allow a jury to "intelligently perform its duty in returning a verdict."[28] Jury instructions need not be perfect.[29] Here, the trial court judge instructed the jury to analyze the evidence set before it. This included all testimony that the jury heard. The jury was told that it could give as much weight to any piece of testimonial evidence as it deemed appropriate. This would include Anderson's assertion that he was a peaceful, non-violent person. Accordingly, the trial court did not commit plain error when it omitted an unrequested jury instruction when it charged the jury. Thus, Anderson's third claim has no merit.

(21) Anderson's fourth claim is that the State committed prosecutorial misconduct when she stated in her summation, "the State believes that we've proven

---

you must give [him/her] the benefit of that doubt and find the defendant not guilty. On the other hand, if, after considering all of the evidence, you find that the state has proved the defendant's guilt beyond a reasonable doubt, you must find the defendant guilty.
Appellee's Op. Br. App. at A25 (DEL. P.J.I. CRIM. § 4.5).

[26] Super. Ct. Crim. R. 30.

[27] *Wainwright*, 504 A.2d at 1100.

[28] *Whalen v. State*, 492 A.2d 552, 560 (Del. 1985).

[29] *Id.*

each and every element of that charge to you beyond a reasonable doubt."[30] Anderson did not object below.

(22) "Where defense counsel fails to raise a timely and pertinent objection to alleged prosecutorial misconduct at trial and the trial judge does not intervene *sua sponte*, we review only for plain error."[31] The plain error analysis for prosecutorial misconduct mirrors a review for harmless error.[32] First, this Court reviews the record *de novo* to determine whether prosecutorial misconduct occurred.[33] If there is no finding of misconduct, then the analysis ends.[34] However, if we find that prosecutorial misconduct did occur, then we apply the plain error standard set forth in *Wainwright v. State*.[35] If we determine that the error does not warrant reversal under *Wainwright*, we must still determine if the prosecutor's improper statements were so repetitive that the errors cast doubt on the integrity of the judicial process.[36]

(23) A prosecutor must refrain from making "improper suggestions, insinuations, and assertions of personal knowledge in order to ensure that guilt is decided only on the basis of sufficient evidence."[37] In *Hardy v. State*, the prosecutor

---

[30] Appellant's Op. Br. App. at A23.
[31] *Baker v. State*, 906 A.2d 139, 150 (Del. 2006).
[32] *Id.*
[33] *Id.*
[34] *Id.*
[35] *Id.*
[36] *Id.*
[37] *Kirkley v. State*, 41 A.3d 372, 377 (Del. 2012).

10

improperly vouched for his case by stating that "falsely reported rapes do not go to trial," implying that the defendant was guilty because he was standing trial.[38] Similarly, in *Hughes v. State*, the prosecutor's statements amounted to the inference that the State will only arrest someone if they are certain he is guilty of first degree murder, implying a "presumption of a defendant's guilt by the mere fact of his arrest."[39] Further, in *Kirkley v. State*, the prosecutor stated, after a recitation of pertinent facts: "This is more than a theft, which is why, exactly why, the State of Delaware is bringing forth attempted robbery in the first degree."[40] This Court held that the comment was improper because it was "claiming that the State only brings more serious charges when the defendant is guilty of the charge, [which] is an improper inference that cannot be drawn from the evidence."[41]

(24) The State's comment during summation in this case did not amount to prosecutorial misconduct. The State was not implying a presumption of guilt nor did the State express any personal belief or opinion as to the credibility of any witnesses' testimony or the evidence presented. The State merely reiterated its belief that the evidence was sufficient to convict. Accordingly, the State's comment did not constitute prosecutorial misconduct, and thus, Anderson's fourth claim has no merit.

[38] *Hardy v. State*, 962 A.2d 244, 247 (Del. 2008).
[39] *Hughes v. State*, 437 A.2d 559, 573 (Del. 1981).
[40] *Kirkley*, 41 A.3d at 377.
[41] *Id.* at 377-78.

11

(25) Last, Anderson claims the trial court denied his right to allocution when it did not ask him if he wanted to make a statement during sentencing. Anderson did not preserve this claim below, and it can only be reviewed for plain error.[42]

(26) Superior Court Criminal Rule 32 states that "[b]efore imposing sentence, the court shall . . . [a]ddress the defendant personally and determine if the defendant wishes to make a statement and to present any information in mitigation of the sentence."[43] In *Green v. United States*, the Supreme Court of the United States ruled that a trial court's open question at the end of sentencing, "Did you want to say something?" did not deprive the defendant of his right to allocution.[44] In addressing the sufficiency of the trial court's open question, the *Green* Court stated: "It may well be that the defendant himself was recognized and sufficiently apprised of his right to speak and chose to exercise this right through his counsel."[45]

(27) Here, the trial court did not deny Anderson his right to allocution. Anderson had the opportunity to speak after the trial court heard from his trial counsel who spoke on his behalf. The trial court asked the open question, "Anything else?"[46] There was no response. Anderson had the opportunity to speak on his own behalf and

---

[42] *Id.*

[43] Super. Ct. Crim. R. 32(a)(1)(c). This rule is borne from the common law right of allocution. *See Green v. United States*, 365 U.S. 301, 304 (1961).

[44] *Green*, 365 U.S. at 304.

[45] *Id.* at 305.

[46] Appellant's Op. Br. App. at A24.

12

chose to speak through counsel. It is not apparent on the face of this record that Anderson was deprived of a substantial right, and thus, his last claim has no merit.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is **AFFIRMED.**

BY THE COURT:

_____
Justice

13